**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH ANCONA, *Petitioner*, v. WARDEN CHAPDELAINE, *et al*., *Respondents*. | No. 3:14-cv-01506 (JAM) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joseph Ancona is a Connecticut state prisoner who is serving out a 21-year sentence following his conviction on multiple counts of arson and attempted larceny. He has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I will dismiss the petition on the ground that it was not timely filed within one year of when his state court convictions became final.

**BACKGROUND**

On February 17, 1999, a state court jury in Hartford found petitioner guilty on multiple counts of arson and attempted larceny. He was sentenced to a total effective sentence of 21 years of imprisonment on June 22, 1999. The Connecticut Supreme Court affirmed his conviction on May 22, 2001. *See State v. Ancona*, 256 Conn. 214, 215–16 (2001).

Petitioner initially filed for sentence review pursuant to Conn. Gen. Stat. § 51-195. The Sentence Review Division affirmed petitioner's sentence on February 25, 2004. *See State v. Ancona*, 2004 WL 504581 (Conn. Super. 2004).

In the meantime, on December 6, 2001, petitioner filed the first of several state court habeas corpus petitions. Following an evidentiary hearing, the trial court dismissed petitioner's first petition on March 25, 2003. *See Ancona v. Warden*, 2003 WL 1875104 (Conn. Super.

2003). On April 3, 2003, petitioner filed a petition for certification of the habeas court's decision, which was denied the same day. *See* Doc. #24-7 at 34–35, 37; Conn. Gen. Stat. § 52-470(g). Petitioner did not further appeal; rather, about a year later, on March 11, 2004,[1] petitioner filed his second state court habeas corpus petition.

On August 10, 2005, the parties entered into a stipulation to reinstate petitioner's right to file an appeal from the denial of his *first* habeas petition, in exchange for dismissal of the second habeas petition with prejudice. Doc. #24-18 at 63. Petitioner filed an appeal from his first habeas petition on September 26, 2005, and the Connecticut Appellate Court dismissed the appeal on April 3, 2007. *See Ancona v. Comm'r of Corr.*, 100 Conn. App. 283, 284 (2007). The Connecticut Supreme Court denied further review on May 15, 2007. *See Ancona v. Comm'r of Corr.*, 282 Conn. 918 (2007).[2]

Petitioner filed a third state court habeas petition on July 16, 2007. The trial court dismissed this petition on June 5, 2009, *see Ancona v. Warden*, 2009 WL 1958728 (Conn. Super. 2009), and petitioner did not appeal the decision.

Petitioner filed a fourth state court habeas petition on October 30, 2009, followed by an amended petition on January 7, 2010. Doc. #24-17 at 36. The trial court dismissed the amended petition on August 16, 2010. *See Ancona v. Warden*, 2010 WL 5491330 (Conn. Super. 2010). Petitioner appealed, and the Connecticut Appellate Court dismissed the appeal on April 3, 2012. *See Ancona v. Comm'r of Corr.*, 134 Conn. App. 904 (2012). Petitioner did not seek discretionary review by the Connecticut Supreme Court.

---

[1] Respondents assert that the second habeas petition was filed April 7, 2004, but the record reveals that it could have been filed as early as March 11, 2004, *see* Docs. #24-18 at 9, #24-22 at 8, or March 24, 2004. *See* Docket Sheet, *Ancona v. Warden*, No. CV04-4466-S, *available at* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV040004466S.

[2] During the pendency of petitioner's appeal from the decision of the first habeas action, he also filed a petition for a new trial. The trial court granted the State's motion to strike on the ground that the petition for a new trial was filed outside the three-year statute of limitations. *See* Conn. Gen. Stat. §§ 52-270 and 52-582.

In the meantime, petitioner filed a fifth state court habeas petition on February 1, 2011. On May 9, 2011, the trial court dismissed the petition, and this dismissal was affirmed by the Connecticut Appellate Court on February 12, 2013. *See Ancona v. Comm'r of Corr.*, 140 Conn. App. 905 (2013). The Connecticut Supreme Court denied review on June 5, 2013. *See Ancona v. Comm'r of Corr.*, 309 Conn. 901 (2013).

During the pendency of the fifth state court habeas action, petitioner filed a motion on March 11, 2011, to correct an illegal sentence pursuant to Practice Book § 43-22. Doc. #24-26 at 20. The trial court denied petitioner's motion on June 1, 2011, *see* Doc. #24-26 at 31, and petitioner appealed. The Connecticut Appellate Court affirmed the judgment of the trial court on May 14, 2013, *see State v. Ancona*, 142 Conn. App. 907 (2013), and the Connecticut Supreme Court denied review on October 9, 2013. *See State v. Ancona*, 310 Conn. 922 (2013). Petitioner then sought certiorari from the U.S. Supreme Court, but certiorari was denied on June 9, 2014. *See Ancona v. Connecticut*, 134 S. Ct. 2740 (2014).

On September 29, 2014, petitioner allegedly mailed for filing the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was then filed on October 10, 2014. He raises the following claims for habeas corpus relief: (1) that he suffered prejudice because the state trial court did not sever the arson charges from the larceny charges; (2) that the State withheld exculpatory evidence and presented false evidence; (3) that the trial judge was biased against petitioner due to petitioner's national origin; and (4) that petitioner was denied the effective assistance of counsel.

**DISCUSSION**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law, however, imposes stringent time limitations for prisoners to seek federal habeas corpus relief. Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a prisoner's state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).[3]

A state court conviction becomes "final" for purposes of 28 U.S.C. § 2244(d)(1) at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court to which petitioner has sought review has denied relief or, if he has *not* sought such further review, the date when the time for seeking such higher court review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Here, petitioner's conviction became final for purposes of the one-year time limit on approximately August 22, 2001—the date when his time expired on direct appeal for seeking certiorari review from the U.S. Supreme Court following the affirmance on May 22, 2001, of his convictions by the Connecticut Supreme Court. *See* U.S. Supreme Court Rule 13.1 (allowing 90 days for filing of petition for certiorari).

Because far more than one year elapsed between the date that petitioner's conviction became final in 2001 and the much later date that he filed the instant habeas corpus petition in

---

[3] The statute, 28 U.S.C. § 2244(d)(1), provides in full as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2014, the central issue here is whether the one-year period was subject to tolling during the intervening time period such that petitioner's federal petition was timely. As the federal statute makes clear, the one-year time limit to file a federal habeas corpus petition may be tolled for any period of time that a petitioner has a properly filed and pending collateral challenge to his conviction in the state courts (for example, a state court habeas corpus petition). *See* 28 U.S.C. § 2244(d)(2); *see also Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009).[4]

The record before me conclusively shows that far more than one year cumulatively elapsed when petitioner did not have any properly filed state court motion or petition pending. To begin with, the one-year clock ran for 14 days from the date (February 25, 2004) that the Sentencing Review Division denied relief until the date (March 11, 2004) when petitioner filed his second state habeas corpus petition. The one-year clock ran for another 61 days from the date (May 15, 2007) when the Connecticut Supreme Court denied review of the appeal from his first and second habeas corpus petitions, until the date (July 16, 2007) when petitioner filed his third state habeas petition. Yet another 146 days ran on the clock from the date (June 5, 2009) when the state court denied petitioner's third habeas corpus petition until the date (October 30, 2009) when petitioner filed his fourth habeas corpus petition.

Lastly and most fatefully, the clock began running again on the date (October 9, 2013) when the Connecticut Supreme Court denied review of petitioner's motion to correct an illegal sentence (and which date was after the review and denial of petitioner's fourth and fifth state habeas corpus petitions). Indeed, very nearly a continuous year elapsed from

---

[4] The statute, 28 U.S.C. § 2244(d)(2), provides in full as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

October 9, 2013, until September 29, 2014, when petitioner signed the instant federal habeas corpus petition that was filed on October 10, 2014.

It is true that much of that intervening time period after October 2013 was consumed by a pending certiorari petition seeking review by the U.S. Supreme Court of the Connecticut Supreme Court's decision denying relief for petitioner's fifth state habeas corpus petition. But the law is clear that the time lost to seeking U.S. Supreme Court review of an adverse state court decision on a state habeas corpus petition does not toll the one-year time period for filing a federal habeas corpus petition. *See Lawrence v. Florida*, 549 U.S. 327, 332–34, 336 (2007) (further declining to equitably toll the one-year limitations period because of any confusion about application of this rule).

All in all, the one-year clock ran for at least four periods of 14 days, 61 days, 146 days, and 353 days respectively. Far more than one year of non-tolled time cumulatively elapsed between the date that petitioner's conviction became final in 2001 and the date when he filed his federal habeas corpus petition in 2014.[5]

Notwithstanding the cumulative lapse of more than one year of non-tolled time, petitioner argues that his petition was timely because it was mailed in September 2014, within one year of the last adverse decision of the Connecticut Supreme Court in October 2013. But this argument fails to take into account any of the multiple prior periods of time when the clock was already running against the one-year limit. The law is otherwise clear that the one-year clock does not reset anew each time that a prisoner files a collateral

[5] I have viewed the facts here in the light most favorable to petitioner, thereby assuming that each of his many state court filings—including the non-habeas filings—were themselves timely and properly filed and that they would legally suffice to toll the federal one-year limitations period. Because consideration of petitioner's non-habeas filings does not save his claim, I need not determine whether each of those filings is properly considered in tolling the federal limitations period. *See, e.g.*, *Wall v. Kholi*, 562 U.S. 545 (2011); *Collins v. Ercole*, 667 F.3d 247 (2d Cir. 2012).

motion for relief in state court; instead, the one-year clock continues to run and is tolled only for such time periods while collateral proceedings are pending. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

Petitioner does not otherwise argue or establish any grounds to warrant equitable tolling of the statute of limitations. Accordingly, the petition for writ of habeas corpus is not timely and therefore must be dismissed.

## CONCLUSION

Based on the foregoing, the petition for habeas corpus relief (Doc. #1) is DISMISSED, and respondents' motion to dismiss (Doc. #24) is GRANTED. Petitioner's motion to appoint counsel (Doc. #28) is DENIED as moot. Because petitioner has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of respondents and to close this case.

It is so ordered.

Dated at New Haven this 28th day of November 2016.

**/s/ *Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge